**NAPOLI SHKOLNIK** PLLC
ATTORNEYS AT LAW

December 14, 2017

**VIA ECF**
The Honorable Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Fera Pharmaceuticals, LLC v. Akorn, Inc. et al.*, No. 12-cv-07694-LLS

Dear Judge Stanton,

    We write on behalf of Fera Pharmaceuticals, LLC in opposition to Akorn, Inc.'s December 6, 2017 letter requesting Fera be compelled "to produce communications between Fera and non-party Xellia from 2016 to the present, including documents reflecting any arrangements, agreements, or understandings between them." (Dkt. No. 220.) Akorn's request should be denied for four reasons.

    *First*, the specific documents Akorn seeks do not exist. Akorn states that to the extent Xellia agreed to indemnify Fera for any damages on Akorn's counterclaim, or vice versa, is relevant to assessing the credibility of the Xellia witnesses' testimony. (*See* Dkt No. 220, at 3.) No such agreement exists. The only indemnity provision Fera is aware of is the indemnity provision contained in the API Supply Agreement, which Akorn has in its possession.

    *Second*, Akorn's request and false accusations are clearly a last ditch effort by Akorn to save its counterclaim, but they are to no avail. For much of this litigation Akorn was able to twist the facts regarding Xellia to fit its unsupported counterclaim. Akorn intentionally attempted to silence Xellia by not naming Xellia as a Defendant and even opposing Fera's request to add Xellia as an indispensable party. (*See* Dkt No. 163.) Now that Xellia's executives have been deposed and Xellia has been able to speak, Akorn's frustration with the truth has left its counsel with a bad taste of defeat. This is just an attempt by Akorn to against twist the facts to support a counterclaim that does not have *any* evidence to survive summary judgment. The Court should not permit Akorn to engage in such a fishing expedition.

    *Third*, Akorn's version of the events described in its letter is inaccurate. Akorn represents to the Court that Fera served Xellia's witnesses long before the March 24 conference. However, Fera served Xellia's witnesses in New York only the night before the conference, on March 23. Once Fera served Xellia's witnesses with subpoenas, the dispute regarding indemnity between Fera and Xellia came to end. Due to Xellia being located in Denmark Fera could not obtain jurisdiction over Xellia's witnesses and the documents held in Denmark. Only after Fera served Xellia's witnesses with subpoenas did this Court have jurisdiction over such witnesses and documents. As Fera explained in its February 28, 2017 letter, Xellia objected to Fera's subpoena to produce documents and to testify in this matter. (*See* Dkt. No. 173.) Fera needed such testimony and documents to adequately prepare its defenses to Akorn's counterclaims. (*Id.*)

    *Fourth*, there is nothing improper about seeking discovery from a third-party. Akorn's request and baseless claims are just an attempt to silence Xellia and provide the Court with their version of twisted facts.

\* \* \* \* \*

    We appreciate the Court's attention to this matter and are available to discuss these issues at its convenience.

                                              Sincerely,

                                              */s/ Paul J. Napoli*